## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SPENCER L. THOMAS,

     Plaintiff,

v.                                                                    Case No. 14-CV-1383-JTM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

     Defendant.

### MEMORANDUM AND ORDER

     This social security case comes before the court on defendant's Motion to Reverse and Remand and for Entry of Final Judgment. (Dkt. 20). Defendant requests this court to remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) because the Social Security Administration's Appeals Council has further reviewed plaintiff's case and deems remand appropriate. (Dkt. 21). Defendant concedes error with respect to the administrative law judge's (ALJ) evaluation of the opinions of state agency medical consultants Jannifer Hill-Keyes, Ph.D., and Darrell Snyder, Ph.D. (Dkt. 23 at 3). Defendant represents that upon receipt of this court's order reversing and remanding the case, the Appeals Council would remand the case to the ALJ with directions "to (1) re-evaluate and weigh the opinions of . . . [Drs. Hill-Keyes and Snyder] and provide specific rationale for the weight afforded these opinions, and (2) if necessary, re-evaluate the claimant's residual functional capacity and solicit vocational expert testimony." (Doc. 21 at 1-2).

     Plaintiff agrees that remand is appropriate, but suggests remand for the immediate award of disability benefits, or in the alternative, for further proceedings that address all of his claimed errors, not just the above-admitted error. (Dkt. 22). Plaintiff's initial brief alleged the ALJ

committed, *inter alia*, the following errors: 1) discounting the credibility of plaintiff's statements concerning the intensity, persistence and limiting effects of his impairments because they are inconsistent with his residual functional capacity assessment; 2) according substantial weight to the opinions of state agency psychological consultants while failing to include their restrictions to work; 3) rejecting a treating psychiatrist's opinion by making contrary inferences from that doctor's examination notes; and 4) according some or little weight to the opinions of two case managers for a reason (short period of contact with plaintiff) that equally applies to a therapist whose opinion was accorded significant weight. Plaintiff contends that this case is destined for a second appeal to this court if the ALJ fails to correct errors 1, 3, and 4 above.

The court concurs with defendant's request to have this case reversed and remanded for additional proceedings before the ALJ. These additional proceedings should address, at a minimum, those matters outlined in defendant's motion briefs. At this time, the court denies the plaintiff's request for an immediate award of benefits or for expanded proceedings on remand. The court does not believe that an immediate award of benefits is appropriate given the current record. As to the scope of the additional proceedings, the court encourages the ALJ to take this opportunity to address plaintiff's claimed errors as to credibility, the treating psychiatrist's opinion, and the case managers' opinions while reevaluating the claimant's residual functional capacity, but expresses no opinion as to their merits. If necessary, the court can decide these issues following the completion of the proceedings on remand.

**IT IS THEREFORE ORDERED** that defendant's motion to reverse and remand pursuant to sentence four of 42 U.S.C. § 405(g) (Dk.20) is granted. The clerk of the court shall

enter judgment reversing the Commissioner's decision and remanding the case for additional administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED** this 14th day of March 2016.

s/ J. Thomas Marten

J. THOMAS MARTEN, Judge